(April 15, 1982)

■ In the Matter of FOUR BROTHERS AUTO SERVICE CORP., Respondent, v COMMISSIONER OF MOTOR VEHICLES OF THE STATE OF NEW YORK, Appellant. — Judgment of the Supreme Court, New York County (Sinclair, J.), entered August 14, 1981 which granted petitioner's article 78 proceeding, vacated the determination of respondent that petitioner had violated specified regulations promulgated by the Commissioner of Motor Vehicles, vacated a $200 fine imposed on petitioner and directed its refund, and remanded the matter to the commissioner for a hearing *de novo,* unanimously reversed, on the law and the facts, the proceeding transferred to this court pursuant to CPLR 7804 (subd [g]), the petition dismissed and the determination of the Commissioner of Motor Vehicles reinstated and confirmed, without costs. The issue here to be determined is whether there was substantial evidence to support the holding by the commissioner that petitioner, a motor vehicle repair establishment, had violated certain of the commissioner's regulations. In October, 1979, one Ira Blaustein took his 1975 Cadillac to petitioner's repair shop. Blaustein's complaint was that he heard a grinding noise when he stepped on the accelerator. He left the car with petitioner for an examination to determine what was wrong. He returned the following day and was informed that the vehicle required a "tune-up" and that the charge therefor would be $192.12. Subsequently he was telephoned by a man named Jack, apparently an employee of petitioner, who informed him that the vehicle needed new bushings. When he inquired about the grinding noise he was informed that it had been taken care of. Blaustein authorized replacement of the bushings. The total cost of the tune-up and the replacement of the bushings was $444.07. Blaustein's wife picked up the car the next day. The grinding noise was still present. Blaustein met with petitioner's president and was advised that the grinding noise resulted from a faulty muffler. In view of the amount already expended to correct the noise complained of Blaustein refused to authorize the repair. Complaint was made to the commissioner who designated an investigator to examine into the matter. Shortly thereafter the investigator, accompanied by Blaustein, attended at petitioner's repair shop. There, the investigator obtained the two invoices reflecting the tune-up and the replacement of the bushings. The two then took the car to Potamkin Cadillac where it was examined by a mechanic and road tested. The mechanic then informed Blaustein and the investigator that the grinding noise resulted from holes in the exhaust system which would have to be replaced in order to eliminate the noise. Since Blaustein traded in the automobile the following March, the repair was never made. Petitioner was charged with violating two regulations: regulation 15 NYCRR 82.5 (g) and regulation 15 NYCRR 82.13 (b). Both relate to improper diagnosis. An administrative hearing was held which resulted in both charges being sustained. Petitioner was fined the sum of $100 for each violation. Much is made of the fact that the investigator had retired by the time of the hearing and did not testify. Emphasis is also placed on the fact that in the report of his investigation he checked the box labeled "unfounded" in describing the complaint rather than the box marked "founded". Completely ignored was his recommendation that the matter be set down for hearing. Be that as it may, it is plain from the hearing minutes that the recommendation of the hearing officer was supported by substantial evidence, i.e., it was supported by proof " 'so substantial that from it an inference of the existence of the fact found may be drawn reasonably' " (*300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 179). It "means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate

fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights, supra,* pp 176, 180), and may be supported by hearsay evidence. That the investigator was not produced does not detract from the fact that the proof submitted was sufficient to establish the acts charged. The inadvertent marking of the investigator's report does not alter this conclusion. Indeed, even if it had been done intentionally, it would not bind the commissioner for, at best, it was only a recommendation. On the entire record we find the holding of the commissioner supported by substantial evidence. Since, in the circumstances indicated, we find the penalty imposed to be a reasonable one, the limit of our jurisdiction is reached. Accordingly, the determination is confirmed. Concur — Murphy, P. J., Sandler, Bloom, Fein and Asch, JJ.